IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

DANIEL SEAN HANLEY,

        Plaintiff,

        v.

COWETA COUNTY,
OFFICER RYAN FOLES,
in his individual capacity,
JOHN DOE I, and
JOHN DOE II

        Defendants.

CIVIL CASE NO.:

## **COMPLAINT FOR DAMAGES**

This is a civil rights action under 42 U.S.C. § 1983, the First, Fourth and Fourteenth Amendments to the United States Constitution and Georgia law. Daniel Hanley ("the Plaintiff") alleges that he was illegally and unconstitutionally detained and arrested by Defendants Officer Ryan Foles of the Coweta County Sheriff's Office, John Doe I, and John Doe II, and maliciously prosecuted in violation of the Fourth Amendment of the United States Constitution and Georgia

1

law. Plaintiff also alleges that he was arrested and prosecuted in retaliation for the exercise of his First Amendment rights, and that Defendant Coweta County has an unconstitutional policy and practice of providing inadequate training to its officers which resulted in the false arrest  and malicious prosecution that is the subject of this suit. Finally, Plaintiff alleges that a final policy maker within Coweta County ordered the arrest of the Plaintiff and insisted on his prosecution as a result of Plaintiff's First Amendment protected activity.

## PARTIES

1.

Plaintiff Daniel Hanley is a resident of the State of Georgia, United States citizen, and over the age of eighteen.

2.

Defendant Ryan Foles is a Sergeant employed by the Coweta County Sheriff's Office. The headquarters of the Coweta County Sheriff's Office are located at 560 Greison Trail, Newnan, Georgia 30263 in Coweta County, Georgia. Defendant Foles may be served at this address. At all times relevant to this lawsuit,

Defendant Foles acted under the color of law. Defendant Foles is sued in his individual capacity.

3.

Defendant Officer John Doe I is a law enforcement officer whose identity is currently unknown. At this time it is not known to Plaintiff whether Defendant Foles was assisted by another officer when arresting Plaintiff. Had Defendant Foles received such assistance in physically arresting Plaintiff then John Doe I is hereby included as a Defendant due to his participation in the physical arrest of Plaintiff. Defendant John Doe I will be served when identified at an address determined at such time. At all times relevant to this lawsuit, Defendant John Doe I acted under the color of law. Defendant John Doe I is sued in his individual capacity.

4.

Defendant Coweta County ("the County") is a political subdivision of the State of Georgia, which has the capacity to sue and be sued. The County can be served at: 22 East Broad Street, Newnan, Georgia 30263. At all times relevant to this lawsuit, Defendant Coweta County acted under the color of law.

5.

Defendant John Doe II is an individual employed by Coweta County who had a final policy making authority within the County in terms of directing law enforcement officers to arrest individuals at the April 21, 2018 protest subject to this lawsuit including the arrest of the Plaintiff.  Defendant John Doe II will be served when identified at an address determined at such time. At all times relevant to this lawsuit, Defendant John Doe II acted under the color of law. Defendant John Doe II is sued in his individual capacity.

6.

All defendants reside in the Northern District of Georgia.

**JURISDICTION AND VENUE**

7.

This case presents a federal question and this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

8.

Under 28 U.S.C. §§ 1331 and 1343(a)(3)&(4), the Court can entertain an

4

action to redress a deprivation of rights guaranteed by the United States Constitution, and the Court has jurisdiction under 28 U.S.C. § 1367 to hear an action to redress a deprivation of rights guaranteed by the laws and the Constitution of the State of Georgia.

9.

This Court has personal jurisdiction of the Defendants under 28 U.S.C. § 1367 and GA. CONST., art. I, § 1, ¶¶ V, XIII.

10.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) because all actions complained of occurred within the boundaries of this judicial district and Defendants reside within this district.

11.

All of the parties herein are subject to the jurisdiction of this Court.

12.

Attorney's fees are authorized under 42 U.S.C. § 1988.

## FACTUAL ALLEGATIONS

### 13.

On April 21, 2018 a Rally of the National Socialist Movement (Neo-Nazi) was held in Newnan, Georgia. In response to this rally several individuals who oppose Neo-Nazi ideology turned out to protest the rally (protesters).

### 14.

Plaintiff Daniel Hanley was one of the participants in this protest. Plaintiff Hanley was carrying a bullhorn during said protest in order to more effectively communicate the message of the protest. Plaintiff Hanley was participating in the protest and carrying a bullhorn in order to engage in protected speech.

### 15.

At one point during the protest Defendant Foles made a decision to "arrest the man who had the bullhorn." The man who had the bullhorn was Plaintiff Hanley. Law enforcement officers rushed onto the sidewalk, pulled the Plaintiff from the crowd of protesters, dragged him into the street and arrested him. Plaintiff was not doing anything illegal at the time. Plaintiff was merely exercising his First Amendment rights by using a bullhorn to engage in a protest.

6

16.

Plaintiff was booked into Coweta County Jail and released the next day.

17.

After arresting Plaintiff and on the same day Defendant Foles sought a warrant from a Magistrate Judge for Plaintiff's arrest. In his warrant affidavit Defendant Foles stated that the Plaintiff "in a place where a sidewalk was provided, continued walking down a roadway protesting after repeated demands from law enforcement to cease such action. During this time, the group associated with said accused were throwing rocks at oncoming law enforcement officials. On such roadway, there were several law enforcement vehicles patrolling the area." The above statements contained in the arrest warrant affidavit were false as the Plaintiff was on the sidewalk at the time of his arrest. Contrary to the allegations in the arrest warrant – Defendants Foles and John Doe I pursued Plaintiff by reaching into the crowd, pulling Plaintiff out into the street and arresting him after making a specific decision to arrest the man with the bullhorn. Furthermore – at no time was Plaintiff associated with anyone throwing rocks. Law enforcement knew this as Mr. Hanley was carrying a bullhorn (a fact known to the officers) and therefore had

his hands occupied by holding a bullhorn and a microphone.

18.

On September 3, 2019 an accusation was filed against Plaintiff in the Superior Court of Coweta County. Said accusation stated: "On behalf of the people of the State of Georgia, the undersigned prosecuting attorney for the county and state aforesaid, does hereby charge and accuse DANIEL SEAN HANLEY with the offense of Obstruction of an Officer (OCGA 16-10-24(a)) in that the said accused, in the State of Georgia and in the County of Coweta, on or about April 21, 2018, did knowingly and willfully obstruct Ryan Foles, a law enforcement officer with the Coweta County Sheriff's Office in the lawful discharge of his official duties by refusing to comply with lawful orders to stay on the sidewalk, contrary to the laws of the State of Georgia, the good order, peace and dignity thereof." The above statement contained in the accusation was false as the Plaintiff at no time obstructed Defendant Foles. To the contrary – Defendants Foles and John Doe I pursued Plaintiff by reaching into the crowd, pulling Plaintiff out into the street and arresting him after making a specific decision to arrest the man with the bullhorn - not a man that obstructed anyone.

19.

On February 20, 2020 the case against Plaintiff in the Superior Court of

Coweta County was dismissed upon the State's motion for nolle prosequi.

**COUNT I**
**42 U.S.C. § 1983: Unlawful Seizure in violation of the Fourth Amendment**
**(As to Defendants Foles, John Doe I, and John Doe II)**

20.

Paragraphs 1 through 19 are hereby re-alleged as if fully pled herein.

21.

The conduct of Defendants Foles and John Doe I and II in causing and

procuring the arrest and detention of Plaintiff without arguable probable cause

constituted an unreasonable seizure of his person in violation of the Fourth

Amendment.

22.

The law being clearly established in 2018 that an officer of the state cannot

cause someone to be arrested and prosecuted without arguable probable cause,

Defendants are not entitled to qualified immunity.

9

**COUNT II**
**42 U.S.C. § 1983: Malicious Prosecution in violation of the Fourth**
**Amendment**
**(As to Defendants Foles, and John Doe II)**

23.

Paragraphs 1 through 22 are hereby re-alleged as if fully pled herein.

24.

Defendants Foles and John Doe II caused a criminal prosecution to be

initiated against Plaintiff for the offense of pedestrian in the roadway and

obstruction.

25.

Defendant Foles not only caused the prosecution to be initiated, and arrest to

be executed, but he caused the prosecution to continue based on his arrest warrant

affidavit and police report such that Mr. Hanley had to endure a lengthy criminal

case which ultimately terminated in his favor almost two years after the arrest.

Defendant John Doe II is liable for said prosecution due to his instructing or

advising Defendant Foles to initiate the arrest and prosecution.

26.

Defendants knew that there was no probable cause to support the charges

10

against Plaintiff, but they persisted in initiating, participating in, and assisting with that prosecution despite the complete lack of probable cause.

27.

Said prosecution was based upon statements by Defendants that were either knowingly false or made with reckless disregard for the truth.

28.

Accordingly, said prosecution was carried on maliciously and without probable cause, and it was ultimately terminated in Plaintiff's favor.

29.

The law being clearly established in 2018 that an officer of the state cannot knowingly make false statements in order to cause someone to be prosecuted for an offense that is not supported by probable cause, Defendants are not entitled to qualified immunity.

**COUNT III**
**Municipal Liability**
**(As to Defendant Coweta County)**

30.

Paragraphs 1 through 29 are hereby re-alleged as if fully pled herein.

11

31.

Plaintiff timely gave the County ante litem notice.

32.

Coweta County has purchased liability insurance that provides coverage and indemnification for liability arising from the operations of the Coweta County Sheriff's Department and the conduct of law enforcement officers employed by the County. That policy was in effect at all times relevant to this complaint.

33.

The purchase of liability insurance constitutes a limited waiver of sovereign immunity by Coweta County.

34.

The County's insurer did not respond to Plaintiff's ante litem notice.

35.

During the course of their employment and while fulfilling their official duties, Officers Foles, John Doe I, and John Doe II disregarded clearly established law that a person may not be arrested or prosecuted without probable cause, said actions resulting in a false arrest and malicious prosecution, as well as retaliation

for First Amendment protected activity.

36.

The County is liable for the actions of Officers Foles, John Doe I, and John Doe II under the doctrine of respondeat superior for violations of State law. Under that doctrine, the County is not entitled to present a defense of official immunity.

37.

The County is also liable under the Monell doctrine due to its failure to provide proper training and because there was a decision by a final policy maker to arrest Mr. Hanley or to conduct arrests in cases such as Mr. Hanley's.

**COUNT IV**
**O.C.G.A. § 51-7-40: Malicious Prosecution**
**(As to Defendants Foles, and John Doe II)**

38.

Paragraphs 1 through 37 are hereby re-alleged as if fully pled herein.

39.

Officers Foles and John Doe II initiated a criminal prosecution against Mr. Hanley for two misdemeanor offenses, and they knew or should have known that no arguable probable cause existed to believe that Mr. Hanley had violated those

laws or committed any crime recognized by law.

40.

Officers Foles and John Doe II initiated and maintained the arrest and prosecution of Mr. Hanley with malice, as interpreted under Georgia law.

41.

This criminal prosecution terminated favorably for Mr. Hanley.

42.

As a result of the arrest and prosecution, Mr. Hanley has suffered physical, emotional, mental and financial injury, entitling him to recover nominal, compensatory and punitive damages against Defendant Officers Foles and John Doe II for the loss of his rights under this claim, in an amount to be determined by the enlightened conscience of the jury.

**COUNT V**
**42 U.S.C. § 1983: First Amendment Retaliation in violation of the First Amendment**
**(As to Defendants Foles, and John Doe II)**

43.

Paragraphs 1 through 42 are hereby re-alleged as if fully pled herein.

44.

Defendants deliberately initiated and or caused arrest and prosecution against this Plaintiff because Plaintiff exercised his rights to free speech and participated in a protest. Not only was Mr. Hanley targeted for arrest because he was part of a protest – but law enforcement specifically and deliberately singled him out by deciding to arrest the "man who had the bullhorn." Plaintiff Hanley would not have been arrested but for his exercise of his First amendment rights.

45.

Defendants' actions were meant to punish the Plaintiff for his exercise of his First Amendment rights and to prevent him from further speaking and continuing to protest while using his bullhorn by abruptly cutting him off and arresting him.

46.

The intentional actions of Defendants in falsely accusing Plaintiff of two misdemeanor crimes interfered with Plaintiff's right of freedom of speech and expression in violation of the First Amendment to the US Constitution.

47.

The law being clearly established in 2018 that an officer of the state cannot

make false statements or make an arrest to retaliate against a person for their

exercise of freedom of speech, Defendants are not entitled to qualified immunity.

48.

Ms. Hanley alleges that he was arrested when otherwise similarly situated

individuals not engaged in the same sort of protected speech or expression had not

been arrested.

49.

Mr. Hanley alleges that no person has been arrested for being a pedestrian in

the roadway (jaywalking) when they were not engaged in the type of protected

speech Mr. Hanley was engaged in.

50.

Had Mr. Hanley not been protesting and using a bullhorn Officers Foles and

John Doe II would not have arrested him. This is evidenced by the common

knowledge that officers typically exercise their discretion not to arrest in cases of

jaywalking even when probable cause is present. Mr. Hanley asks that the Court

take judicial notice of same or allow Mr. Hanley to gather evidence of such typical

exercise of discretion during discovery. Mr. Hanley alleges that Officer Foley had

no arguable probable cause to arrest him for any crime and nothing in this

complaint should be construed as an admission or allegation that arguable probable

cause existed for any crime.

## DAMAGES

### 51.

Paragraphs 1 through 50 are hereby re-alleged as if fully pled herein.

### 52.

As a direct and proximate result of the above described conduct of

Defendants, Plaintiff was unreasonably and unlawfully arrested and prosecuted

without probable cause and as a retaliation for exercising his First Amendment

rights, was imprisoned and deprived of his liberty, was subjected to physical

restraint, confinement, and mental suffering and emotional distress that is expected

to continue into the future, and was forced to incur other economic and non-

economic losses for which Defendants are liable to Plaintiff in an amount to be

proven at trial and determined by the enlightened conscience of fair and impartial

jurors.

53.

The aforementioned misconduct of Defendants rose to such a level of bad faith, willfulness, and reckless disregard as to authorize the imposition of punitive damages against each one of them.

54.

Plaintiff is also entitled to recover reasonable attorney's fees and expenses of litigation pursuant to 28 U.S.C. §1988.

**WHEREFORE**, Plaintiff demands the following:

a) That this action be tried by a jury;

b) That judgment be entered in favor of Plaintiff and against each Defendant for nominal, special, compensatory and punitive damages for each violation of the Plaintiff's constitutional rights in an amount to be determined by the enlightened conscience of fair and impartial jurors;

c) That Plaintiff be awarded attorney's fees and reasonable expenses of litigation;

e) That all costs of this action be taxed against Defendants; and

f) That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted this 21st day of April, 2020.

/s/Drago Cepar, Jr.
Drago Cepar, Jr.
Georgia Bar No. 142362

1900 The Exchange
Suite 490
Atlanta, Georgia 30339
Phone: 770-940-3233
Fax: 770-874-2987
dcepar@gmail.com

19